# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 1:14-cv-2529-WYD |
| Plaintiff, | |
| v. | **STIPULATED ORDER FOR PERMANENT INJUNCTION AND CIVIL PENALTY JUDGMENT** |
| INTERMUNDO MEDIA, LLC, a limited liability company, also doing business as DELTA PRIME REFINANCE, DELTA PRIME MORTGAGES, and AMERICAN DREAM QUOTES, | |
| Defendant. | |

Plaintiff United States of America's Unopposed Motion to Enter Stipulated Order (ECF No. 4) is **GRANTED** as set forth below.

Plaintiff, the United States of America, acting upon notification and authorization to the Attorney General by the Federal Trade Commission ("Commission"), filed its Complaint for Permanent Injunction And Other Equitable Relief ("Complaint") seeking a permanent injunction, civil penalties, and other equitable relief in this matter pursuant to Sections 5(a), 5(m)(1)(A), 13(b), and 16(a)(1) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 45(a), 45(m)(1)(A), 53(b), 56(a)(1).   Defendant has waived service of the Summons and the Complaint.   Plaintiff and Defendant stipulate to the entry of this Stipulated Order For Permanent Injunction And Civil Penalty Judgment ("Order") to resolve all matters in dispute in this action between them.

THEREFORE, IT IS ORDERED as follows:

## FINDINGS

1.      This Court has jurisdiction over this matter.

2.      The Complaint alleges that Defendant disseminated unsubstantiated and deceptive commercial communications regarding mortgage credit products in violation of Section 5 of the FTC Act, 15 U.S.C. § 45; the Mortgage Acts and Practices – Advertising rule ("MAP Rule"), 16 C.F.R. Part 321; and the Mortgage Acts and Practices – Advertising rule (Regulation N) ("Regulation N"), 12 C.F.R. Part 1014.   The Complaint further alleges that Defendant stated credit terms other than those actually available and failed to include required disclosures in its advertisements for mortgage loans, in violation of the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601-1666j and its implementing Regulation Z, 12 C.F.R. Part 1026.

3.      Defendant neither admits nor denies any of the allegations in the Complaint, except as specifically stated in this Order.   Only for purposes of this action, Defendant admits the facts necessary to establish jurisdiction.

4.      Defendant waives any claim that it may have under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action through the date of this Order, and agrees to bear its own costs and attorney fees.

5.      Defendant and Plaintiff waive all rights to appeal or otherwise challenge or contest the validity of this Order.

**DEFINITIONS**

For purposes of this Order, the following definitions shall apply:

1.      **"Commercial communication"** means any written or oral statement, illustration, or depiction that is designed to effect a sale or create interest in purchasing goods or services, whether it appears on or in a label, package, package insert, radio, television, cable television, brochure, newspaper, magazine, pamphlet, leaflet, circular, mailer, book insert, free standing insert, letter, catalogue, poster, chart, billboard, public transit card, point of purchase display, film, slide, audio program transmitted over a telephone system, telemarketing script, on-hold script, upsell script, training materials provided to telemarketing firms, program-length commercial ("infomercial"), the internet, cellular network, or any other medium.

2.      **"Commission"** means the Federal Trade Commission.

3.      **"Closed-end credit"** means consumer credit other than open-end credit.

4.      **"Credit"** means the right to defer payment of debt or to incur debt and defer its payment.

5.      **"Defendant"** means Intermundo Media, LLC and its successors and assigns.

6.      **"Financial related product or service"** means any product, service, plan, or program represented, expressly or by implication, to:

a. provide any consumer, arrange for any consumer to receive, or assist any consumer in receiving, credit, debit, or stored value cards;

b. improve, or arrange to improve, any consumer's credit record, credit history, or credit rating;

c. provide advice or assistance to any consumer with regard to any activity or service the purpose of which is to improve a consumer's credit record, credit history, or credit rating; or

d. provide any consumer, arrange for any consumer to receive, or assist any consumer in receiving, a loan or other extension of credit.

7. **"Mortgage credit product"** means any form of credit that is secured by real property or a dwelling and that is offered or extended to a consumer primarily for personal, family, or household purposes.

8. **"Open-end credit"** means consumer credit extended by a creditor under a plan in which:   (i) the creditor reasonably contemplates repeated transactions; (ii) the creditor may impose a finance charge from time to time on an outstanding unpaid balance; and (iii) the amount of credit that may be extended to the consumer during the term of the plan (up to any limit set by the creditor) is generally made available to the extent that any outstanding balance is repaid.

9.      **"Person"** means any natural person, organization, or other legal entity, including a corporation, partnership, proprietorship, association, or cooperative, limited or general partnership, corporation, or other business entity.

**ORDER**

**I.      MORTGAGE ACTS AND PRACTICES - ADVERTISING**

IT IS HEREBY ORDERED that Defendant, Defendant's officers, agents, servants, and employees, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in commercial communications regarding any term of any mortgage credit product, are permanently restrained and enjoined from:

A.      Misrepresenting, or assisting others in misrepresenting, expressly or by implication, any term of any mortgage credit product, including but not limited to:

      1.      The interest charged for the mortgage credit product, including but not limited to misrepresentations concerning:

            a. The amount of interest that the consumer owes each month that is included in the consumer's payments, loan amount, or total amount due, or

            b. Whether the difference between the interest owed and the interest paid is added to the total amount due from the consumer;

      2.      The annual percentage rate, simple annual rate, periodic rate, or

any other rate;

3.    The existence, nature, or amount of fees or costs to the consumer associated with the mortgage credit product, including but not limited to misrepresentations that no fees are charged;

4.    The existence, cost, payment terms, or other terms associated with any additional product or feature that is or may be sold in conjunction with the mortgage credit product, including but not limited to credit insurance or credit disability insurance;

5.    The terms, amounts, payments, or other requirements relating to taxes or insurance associated with the mortgage credit product, including but not limited to misrepresentations about:

    a.  Whether separate payment of taxes or insurance is required; or

    b.  The extent to which payment for taxes or insurance is included in the loan payments, loan amount, or total amount due from the consumer;

6.    Any prepayment penalty associated with the mortgage credit product, including but not limited to misrepresentations concerning the existence, nature, amount, or terms of such penalty;

7.    The variability of interest, payments, or other terms of the mortgage credit product, including but not limited to misrepresentations using the word "fixed;"

8.  Any comparison between:

    a.  Any rate or payment that will be available for a period less than the full length of the mortgage credit product; and

    b.  Any actual or hypothetical rate or payment;

9.  The type of mortgage credit product, including but not limited to misrepresentations that the product is or involves a fully amortizing mortgage;

10. The amount of the obligation or the existence, nature, or amount of cash or credit available to the consumer in connection with the mortgage credit product, including but not limited to misrepresentations that the consumer will receive a certain amount of cash or credit as part of a mortgage credit transaction;

11. The existence, number, amount, or timing of any minimum or required payments, including but not limited to misrepresentations about any payments or that no payments are required in a reverse mortgage or other mortgage credit product;

12. The potential for default under the mortgage credit product, including but not limited to misrepresentations concerning the circumstances under which the consumer could default for nonpayment of taxes, insurance, or maintenance, or for failure to meet other obligations;

13.     The effectiveness of the mortgage credit product in helping the consumer resolve difficulties in paying debts, including but not limited to misrepresentations that any mortgage credit product can reduce, eliminate, or restructure debt or result in a waiver or forgiveness, in whole or in part, of the consumer's existing obligation with any person;

14.     The association of the mortgage credit product or any provider of such product with any other person or program, including but not limited to misrepresentations that:

a.  The provider or the Defendant is, or is affiliated with, the Federal Housing Administration, the United States Department of Veterans Affairs, or any other governmental entity or other organization; or

b.  The product is or relates to a government benefit, or is endorsed, sponsored by, or affiliated with any government or other program, including but not limited to through the use of formats, symbols, or logos that resemble those of such entity, organization, or program;

15.     The source of any commercial communication, including but not limited to misrepresentations that a commercial communication is made by or on behalf of the consumer's current mortgage lender or

servicer;

16.   The right of the consumer to reside in the dwelling that is the subject of the mortgage credit product, or the duration of such right, including but not limited to misrepresentations concerning how long or under what conditions a consumer with a reverse mortgage can stay in the dwelling;

17.   The consumer's ability or likelihood to obtain any mortgage credit product or term, including but not limited to misrepresentations concerning whether the consumer has been preapproved or guaranteed for any such product or term;

18.   The consumer's ability or likelihood to obtain a refinancing or modification of any mortgage credit product or term, including but not limited to misrepresentations concerning whether the consumer has been preapproved or guaranteed for any such refinancing or modification;

19.   The availability, nature, or substance of counseling services or any other expert advice offered to the consumer regarding any mortgage credit product or term, including but not limited to the qualifications of those offering the services or advice; or

20.   That Defendant itself provides a product, service, plan, or program;

B.      Failing to maintain, for a period of twenty-four (24) months from the last date a person made or disseminated the applicable commercial communication regarding any term of any mortgage credit product, the following evidence of compliance:

1.      Copies of all materially different commercial communications as well as sales scripts, training materials, and marketing materials, regarding any term of any mortgage credit product, that the person made or disseminated during the relevant time period;

2.      Documents describing or evidencing all mortgage credit products available to consumers during the time period in which the person made or disseminated each commercial communication regarding any terms of any mortgage credit product available to consumers; and

3.      Documents describing or evidencing all additional products or services (such as credit insurance or credit disability insurance) that are or may be offered or provided with the mortgage credit products available to consumers during the time period in which the person made or disseminated each commercial communication regarding any term of any mortgage credit product, including but not limited to the names and terms of each such additional product or service available to consumers;

C.      Misrepresenting, or assisting others in misrepresenting, expressly or by implication, any material fact concerning any mortgage credit product; and

D.      Violating the Mortgage Acts and Practices - Advertising rule ("Regulation N"), 12 C.F.R. Part 1014, a copy of which is attached.

## II.    PROHIBITED MISREPRESENTATIONS RELATING TO FINANCIAL RELATED PRODUCTS OR SERVICES

IT IS FURTHER ORDERED that Defendant, Defendant's officers, agents, servants, and employees, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with the advertising, marketing, promotion, offering for sale, or sale of any financial related product or service or any term of any financial related product or service, are permanently restrained and enjoined from:

A.      Misrepresenting or assisting others in misrepresenting, expressly or by implication, any material fact, including but not limited to:

1.      That consumers can reduce the payments they make on any financial related product or service by purchasing any product marketed by Defendant, accepting any commercial offer disseminated by Defendant, or otherwise responding to Defendant's advertising;

2.      The consumer's ability or likelihood to obtain any financial related product or service, including that such a product or service is

available to a consumer without regard to the consumer's credit history;

    3.    The terms or rates that are available for any loan, including but not limited to:

    a.  the fees or costs associated with the loan, including that Defendant offers such loan for "free" or with "no hidden fees";

    b.  the payment schedule, the monthly payment amount(s), or other payment terms, or whether there is a balloon payment; interest rate(s), annual percentage rate(s), or finance charge; the loan amount, the amount of credit, the draw amount, or outstanding balance; the loan term, the draw period, or maturity; or any other term of credit;

    c.  the savings associated with the credit; and

    d.  that the interest rate(s) or annual percentage rate(s) are fixed rather than adjustable or adjustable rather than fixed;

    B.    Advertising or assisting others in advertising credit terms other than those terms that actually are or will be arranged or offered by a creditor or lender; and

    C.    Making any representation, expressly or by implication, that consumers may obtain a financial related product or service with specific terms unless, at the time of making the representation, Defendant can substantiate such a representation with regard to each specified term.

### III.      TRUTH IN LENDING ACT

IT IS FURTHER ORDERED that Defendant, Defendant's officers, agents, servants, and employees, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with advertising, marketing, promotion, offering for sale, or sale of closed-end credit, are permanently restrained and enjoined from:

A.      Advertising credit terms other than those terms that actually are or will be arranged or offered by the creditor;

B.      Advertising a rate of finance charge without disclosing that rate as an annual percentage rate, using that term or the abbreviation "APR," and if the annual percentage rate may be increased after consummation, that fact;

C.      Advertising a rate of finance charge while stating a simple annual rate or periodic rate more conspicuously than the annual percentage rate;

D.      Advertising the period of repayment of a loan without clearly and conspicuously stating:

      1.      The terms of repayment, which reflect the repayment obligations over the full term of the loan, including any balloon payment, and

      2.      The annual percentage rate, using that term or the abbreviation "APR," and, if the annual percentage rate may be increased after consummation, that fact;

E.      Using the word "fixed" in advertisements for variable-rate mortgages

where:

      1.     The phrase "Adjustable-Rate Mortgage," "Variable-Rate Mortgage,"

           or "ARM" does not appear at all in the advertisement, or not as

           conspicuously as the word "fixed;" and

      2.     Each use of the word "fixed" is not accompanied by an equally

           prominent and closely proximate statement of the time period for

           which the payment is fixed, and the fact that the rate may vary or

           the payment may increase after that period; and

     F.     Violating the Truth In Lending Act, 15 U.S.C. §§ 1601-1666j, and

Regulation Z, 12 C.F.R. Part 1026.

### IV.    PROHIBITION ON DISCLOSING CONSUMER INFORMATION

     IT IS FURTHER ORDERED that Defendant, Defendant's officers, agents,

servants, employees, and attorneys, and all other persons in active concert or

participation with any of them, who receive actual notice of this Order, whether acting

directly or indirectly, are permanently restrained and enjoined from directly or indirectly:

     A.     Disclosing, using, or benefitting from consumer information, including the

name, address, telephone number, email address, social security number, or other

identifying information, or any data that enables access to a consumer's account

(including a credit card, bank account, or other financial account), that Defendant

obtained prior to entry of this Order in connection with commercial communications

regarding any term of any mortgage credit product; and

B.      Failing to destroy such customer information in all forms in their possession, custody, or control within 30 days after entry of this Order.

*Provided, however*, that customer information need not be disposed of, and may be disclosed, to the extent requested by a government agency or required by law, regulation, or court order.

## V.      MONETARY JUDGMENT FOR CIVIL PENALTY

IT IS FURTHER ORDERED that:

A.      Judgment in the amount of Five Hundred Thousand Dollars ($500,000) is entered in favor of the Plaintiff against Defendant as a civil penalty.

B.      Defendant is ordered to pay to the Plaintiff, by making payment to the Treasurer of the United States, Five Hundred Thousand Dollars ($500,000).   Such payment shall be made in the following installments: (1) within 7 days of entry of this Order, Defendant shall pay Two Hundred Fifty Thousand Dollars ($250,000), which, as Defendant stipulates, its undersigned counsel holds in escrow as of the date of entry of this Order for no purpose other than payment to the Plaintiff; and (2) by no later than April 30, 2015, Defendant shall pay an additional Two Hundred Fifty Thousand Dollars ($250,000).   All payments shall be made by electronic fund transfer in accordance with instructions previously provided by a representative of the Plaintiff.

C.      Defendant relinquishes dominion and all legal and equitable right, title, and interest in all amounts transferred pursuant to this Order and may not seek the return of any such amounts.

D.     The facts alleged in the Complaint will be taken as true, without further proof, in any subsequent civil litigation by or on behalf of the Commission, including in a proceeding to enforce its rights to any payment or monetary judgment pursuant to this Order.

E.     Defendant acknowledges that its Taxpayer Identification Numbers (Social Security Numbers or Employer Identification Numbers), which Defendant must submit to the Commission, may be used for collecting and reporting on any delinquent amount arising out of this Order, in accordance with 31 U.S.C. § 7701.

## VI.     ORDER ACKNOWLEDGMENTS

IT IS FURTHER ORDERED that Defendant obtain acknowledgments of receipt of this Order:

A.     Defendant, within 7 days of entry of this Order, must submit to the Commission an acknowledgment of receipt of this Order sworn under penalty of perjury.

B.     For 3 years after entry of this Order, Defendant must deliver a copy of this Order to:   (1) all principals, officers, directors, and LLC managers and members; (2) all employees, agents, and representatives who participate in the conduct specified in Sections I, II, III, and IV of this Order; and (3) any business entity resulting from any change in structure as set forth in the Section titled Compliance Reporting.   Delivery must occur within 7 days of entry of this Order for current personnel.   For all others, delivery must occur before they assume their responsibilities.

C.     From each individual or entity to which Defendant delivered a copy of this

Order, Defendant must obtain, within 30 days, a signed and dated acknowledgment of receipt of this Order.

## VII.   COMPLIANCE REPORTING

IT IS FURTHER ORDERED that Defendant make timely submissions to the Commission:

A.     One year after entry of this Order, Defendant must submit a compliance report, sworn under penalty of perjury:

1.     Defendant must:   (a) identify the primary physical, postal, and email address and telephone number, as designated points of contact, which representatives of the Commission and Plaintiff may use to communicate with Defendant; (b) identify all of that Defendant's businesses by all of their names, telephone numbers, and physical, postal, email, and Internet addresses; (c) describe the activities of each business, including the goods and services offered, the means of advertising, marketing, and sales; (d) describe in detail whether and how that Defendant is in compliance with each Section of this Order; and (e) provide a copy of each Order Acknowledgment obtained pursuant to this Order, unless previously submitted to the Commission.

B.     For 10 years after entry of this Order, Defendant must submit a compliance notice, sworn under penalty of perjury, within 14 days of any change in the

following:

    1.    Defendant must report any change in:   (a) any designated point of contact; or (b) the structure of Defendant or any entity that Defendant has any ownership interest in or controls directly or indirectly that may affect compliance obligations arising under this Order, including:   creation, merger, sale, or dissolution of the entity or any subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order.

C.    Defendant must submit to the Commission notice of the filing of any bankruptcy petition, insolvency proceeding, or similar proceeding by or against Defendant within 14 days of its filing.

D.    Any submission to the Commission required by this Order to be sworn under penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding:   "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.   Executed on:  _____" and supplying the date, signatory's full name, title (if applicable), and signature.

E.    Unless otherwise directed by a Commission representative in writing, all submissions to the Commission pursuant to this Order must be emailed to DEbrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to: Associate Director for Enforcement, Bureau of Consumer Protection, Federal Trade Commission, 600 Pennsylvania Avenue NW, Washington, DC 20580.   The subject line

must begin:   FTC v. Intermundo Media, LLC, Matter No. 1223225.

## VIII.   RECORDKEEPING

IT IS FURTHER ORDERED that Defendant must create certain records for 10 years after entry of the Order, and retain each such record for 5 years.   Specifically, in connection with the conduct specified in Sections I, II, III, and IV of this Order, Defendant must create and retain the following records:

A.    Accounting records showing the revenues from all goods or services sold;

B.    Personnel records showing, for each person providing services, whether as an employee or otherwise, that person's:   name; addresses; telephone numbers; job title or position; dates of service; and (if applicable) the reason for termination;

C.    Records of all consumer complaints and refund requests related to mortgage credit products, whether received directly or indirectly, such as through a third party, and any response.

D.    All records necessary to demonstrate full compliance with each provision of this Order, including all submissions to the Commission; and

E.    A copy of each materially different advertisement or other marketing material related to mortgage credit products.

## IX.    COMPLIANCE MONITORING

IT IS FURTHER ORDERED that, for the purpose of monitoring Defendant's compliance with this Order, including any failure to transfer any assets as required by this Order:

A.      Within 14 days of receipt of a written request from a representative of the Plaintiff, Defendant must:   submit additional compliance reports or other requested information, which must be sworn under penalty of perjury; appear for depositions; and produce documents for inspection and copying.   The Commission and Plaintiff are also authorized to obtain discovery, without further leave of court, using any of the procedures prescribed by Federal Rules of Civil Procedure 29, 30 (including telephonic depositions), 31, 33, 34, 36, 45, and 69, provided that Defendant, after attempting to resolve a dispute without court action and for good cause shown, may file a motion with this Court seeking an order for one or more of the protections set forth in Rule 26(c).

B.      For matters concerning this Order, the Commission and Plaintiff are authorized to communicate directly with Defendant.   Defendant must permit representatives of the Commission and Plaintiff to interview any employee or other person affiliated with Defendant who has agreed to such an interview.   The person interviewed may have counsel present.

C.      The Commission and Plaintiff may use all other lawful means, including posing, through its representatives as consumers, suppliers, or other individuals or entities, to Defendant or any individual or entity affiliated with Defendant, without the necessity of identification or prior notice.   Nothing in this Order limits the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1.

## X.      RETENTION OF JURISDICTION

IT IS FURTHER ORDERED that this Court retains jurisdiction of this matter for

purposes of construction, modification, and enforcement of this Order.

IT IS FURTHER ORDERED that following the entry of this Order, this matter

shall be administratively closed pursuant to D.C.COLO.LCivR 41.2 subject to reopening

for good cause shown.

DATED:   October 7, 2014

BY THE COURT:

S/ WILEY Y. DANIEL_____
WILEY Y. DANIEL,
SENIOR UNITED STATES DISTRICT JUDGE

**SO STIPULATED AND AGREED:**

**FOR PLAINTIFF:**

**THE UNITED STATES OF AMERICA**

STUART F. DELERY
Assistant Attorney General

JONATHAN F. OLIN
Deputy Assistant Attorney General
Civil Division

MICHAEL S. BLUME
Director

ANDREW E. CLARK
Assistant Director

JAMES W. HARLOW

Trial Attorney
Consumer Protection Branch
U.S. Department of Justice
P.O. Box 386
Washington, D.C. 20044
Phone: (202) 514-6786
Fax: (202) 514-8742
Email: james.w.harlow@usdoj.gov

**FEDERAL TRADE COMMISSION**

Michael White Daniel
Dwyer
Federal Trade Commission
601 New Jersey Ave., NW
Mail Drop NJ-3158
Washington, DC 20001
Tel:     202-326-3196, 202-326-2957
Fax:    202-326-3768

Email:    mwhitel@ftc.gov, ddwyer@ftc.go

Attorneys for Plaintiff

FEDERAL TRADE COMMISSION

**FOR DEFENDANT:**

_____
Adam Edelman
Authorized Agent
Intermundo Media, LLC